## Weir & Craig Manufacturing Company, Appellant, v. G. Y. Bonus, Appellee.

### Gen. No. 16,930.

1. NEGOTIABLE INSTRUMENTS—*holder in due course.* Where plaintiff accepts a note in payment of money then due to it and has no notice that the note is without consideration, and there was no fraud in the execution, it becomes a holder in due course to the extent of the amount paid.

2. NEGOTIABLE INSTRUMENTS—*where payee is foreign corporation.* Where defendant executes a note without consideration payable to a foreign corporation doing business in this state without having complied with the statutes, he admits the existence of the payee and its then capacity to indorse, and is liable to a holder in due course for the amount the holder has paid on it, even though he may not have been liable to payee.

Appeal from the Municipal Court of Chicago; the Hon. MAX EBERHARDT, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed March 4, 1913

STUART G. SHEPARD and ROBERT R. McCORMICK, for appellant.

HURBERT E. PAGE, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The plaintiff, here the appellant, brought suit against the defendant, here the appellee, in a case of the first class in the Municipal Court of Chicago, as the owner and holder in due course of a note as follows:
"$5,625.00                    CHICAGO, July, 1, 1909.

Three months after date I promise to pay to the order of The Schott Engineering Company $5,625.00 payable at the Fort Dearborn National Bank, for value received, with interest at 6 per cent. per annum from date.

G. Y. BONUS."

Endorsed on the back of the note is the following:

"The Schott Engineering Company, by C. V. Kasson, Treasurer."

The defenses were, first, that the plaintiff was not a holder in due course in that there was a failure of the consideration for said note and the plaintiff took same with notice thereof; and, second, that The Schott Engineering Company, endorser of the note sued on, was organized under the laws of the State of Maine; had its principal offices in the City of Chicago, in the State of Illinois, and there maintained and transacted business for profit in exercise of its corporate powers; and had not complied with the Illinois statute regulating the admission of foreign corporations to do business in the State of Illinois; that its transactions in Illinois were illegal and void and therefore the endorsement and delivery of said note was illegal and void and the plaintiff acquired no claim or right of action against the defendant by reason thereof.

After all the evidence had been submitted to the court and a jury, the court, on motion of the defendant, instructed the jury to find the issues for the defendant,

and, the jury by its verdict so finding, judgment was entered thereon.

It appears by the evidence that Mr. W. H. Schott with others organized the corporation, The Schott Engineering Company, under the laws of Maine, with a capital stock of one million dollars, for the purpose of constructing Central Heating Plants throughout the country; which said Company took over the business of the said Schott and he became the president thereof. The defendant, relying upon certain representations, was induced to subscribe for seventy-five shares of the preferred stock of the said company and in payment thereof gave to said company certain notes, which were renewed from time to time; the last renewal of which was the note in question. We find no evidence tending to show fraud in the execution of the said note, but the evidence does tend to show a failure of the consideration. On a careful examination of both the abstract and additional abstract we find no evidence tending to show notice to the plaintiff of a failure of consideration at the time it became a holder in due course. The said note was received from The Schott Engineering Company and accepted in payment of thirty-five hundred to thirty-six hundred dollars then due and owing the plaintiff by the said Company for pipes, valves, fittings, etc., purchased by the said Engineering Company from the plaintiff. On the evidence before us it seems that the plaintiff was a holder of the said note in due course for, at least, the sum of thirty-five hundred dollars. There was some evidence tending to show that as to the balance of the said note the plaintiff might come within section 72 of the Negotiable Instrument Act, Hurd's Stat. 1911, p. 1596: "Where the transferee receives notice of any infirmity in the instrument or defect in the title of the person negotiating the same before he has paid the full amount agreed to be paid therefor, he will be deemed a holder in due course only to the extent of the amount theretofore paid by him." But whether it was a holder

in due course as to the balance of said note, we express no opinion.

The Schott Engineering Company was a foreign corporation doing business in this state without having complied with the statute of the state in any particular toward qualifying it to do business in Illinois. The defendant insists that The Schott Engineering Company, being a foreign corporation, maintaining its office and doing business in Illinois contrary to the laws thereof, its contracts made within the state are void and not enforceable, and therefore the note in question was void and no action can be predicated thereon or on an endorsement and delivery thereof by the said payee. We are of the opinion that this contention is not applicable to the note in question under the circumstances of the case at bar, because of the provisions of the Negotiable Instrument Act. Section 10 of that Act (Hurd's Stat. 1911) provides: ''If any fraud or circumvention be used in obtaining the making or executing of any of the instruments aforesaid, such fraud or circumvention may be pleaded in bar to any action to be brought on any such instrument so obtained, whether such action be brought by the party committing such fraud or circumvention or any assignee of such instrument.'' Section 70 defines a holder in due course. Section 75, ''A holder in due course holds the instrument free from any defect of title or prior parties, and free from defenses available to prior parties among themselves, except the defect and defense specified in section 10  *  *  *  and may enforce payment of the instrument for the full amount thereof against all parties liable thereon.'' Section 78 provides. ''The maker of a negotiable instrument, by making it engages that he will pay it according to its tenor, and admits the existence of the payee and his then capacity to endorse.'' The evidence shows that the plaintiff was a holder in due course. There was no evidence that there was fraud or circumvention in the execution of the note. The defendant, under the statute, engaged

to pay the note according to its tenor and bound himself to pay in accordance with the payee's indorsement to a holder in due course,. even though the defendant may not have been liable thereon to the payee.

The plaintiff asks judgment here. There can be no judgment here for two reasons: First, the cause was presented to a jury; and, second, it appears as indicated that there was evidence tending to prove a defense under the statute to about nineteen hundred dollars thereof.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*